E-FILED
Monday, 15 May, 2006  08:48:23 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | |
|---|---|
| KINGSLEY L. CARTER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 06-1122 |
| ) | |
| DONALD HULICK, Warden, ) | |
| ) | |
| Respondent. ) | |

### O R D E R

Before the Court is Petitioner, Kingsley L. Carter's Application to Proceed In Forma Pauperis ("IFP") [Doc. #1-1] and Motion for Appointment of Counsel [Doc. #2]. According to Petitioner's trust fund ledger, as of March 28, 2006, he had a $1,997.37 balance in his account. As a result, the Court finds that Petitioner has adequate funds to pay the nominal $5.00 filing fee. Thus, his IFP Application will be denied and he will have 21 days from the date of this Order to pay the required fee or his case will be dismissed.

In regards to Petitioner's Motion for Appointment of Counsel, this Court's authority to appoint counsel for indigent petitioners derives from 28 U.S.C. § 1915(e)(1), which states: "The court may request an attorney to represent any person unable to afford counsel." See Gil v. Reed, 381 F.3d 649, 656 (7th Cir. 2004). Petitioner, however, is unable to show that he cannot afford counsel. In addition to the $1,997.37 he has in his trust fund account, Petitioner indicates that over

the past twelve months he has received $1,164.00 from his military pension and has $4,792.88 in a savings account.

Furthermore, in determining whether to appoint counsel for an indigent petitioner, this Court must make the following inquiry: "given the difficulty of the case, did [Petitioner] appear to be competent to try it himself[?]" Greeno v. Daley, 414 F.3d 645, 658 (7th Cir. 2005) (quoting Farmer v. Haas, 990 F.2d 319, 322-23 (7th Cir. 1993)). The Seventh Circuit, however, has instructed that before conducting this inquiry, district courts are to "first determine if the indigent has made reasonable efforts to retain counsel and was unsuccessful or that the indigent was effectively precluded from making such efforts." Gil, 381 F.3d at 656 (quoting Jackson v. County of McLean, 953 F.2d 1070, 1072 (7th Cir. 1992)). It is only if the petitioner meets this initial "threshold showing of an attempt and failure to obtain counsel," will the Court turn to the standard articulated in Greeno and Farmer. See Gil, 381 F.3d at 656.

Here, not only has Petitioner failed to show that he is indigent, but he has also failed to meet his initial "threshold showing of an attempt and failure to obtain counsel[.]" See id. Accordingly, Petitioner's Motion for Appointment of Counsel will be denied.

2

IT IS THEREFORE ORDERED that Petitioner's Application to Proceed In Forma Pauperis [Doc. #1-1] is DENIED. Petitioner has 21 days from the date of this Order to pay the required fee or his case will be dismissed.

IT IS FURTHER ORDERED that Petitioner's Motion for Appointment of Counsel [Doc. #2] is DENIED.

ENTERED this  12th  day of May, 2006.

                                       /s/ Joe B. McDade
                                        JOE BILLY McDADE
                                  United States District Judge