E-FILED
Friday, 08 February, 2008  11:59:36 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS

KINGSLEY L. CARTER,                )
                                   )
    Petitioner,                )
                                   )
v.                                 )   Case No. 06-1122
                                   )
DONALD HULICK, Warden,             )
                                   )
    Respondent.                )

## O R D E R

Now before the Court is Petitioner, Kingsley Carter's ("Carter"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Petition [#9] is DENIED.

### FACTUAL BACKGROUND

Following a jury trial in the Circuit Court of Peoria County, Illinois, Carter was found guilty of first degree murder and aggravated battery with a firearm. He was sentenced to 30 years' imprisonment. On appeal, the Illinois Appellate Court vacated his conviction and remanded for a new trial as a result of the refusal of the Court to give an involuntary manslaughter instruction. The State filed a Petition for Leave to Appeal to the Illinois Supreme Court, and the Petition was granted. On November 20, 2003, the Illinois Supreme Court reversed the decision of the Appellate Court, affirming Carter's conviction and the judgment of the Circuit Court. On June 7, 2004, Carter's Petition for Writ of Certiorari to the United States Supreme Court was denied.

On May 10, 2004, Carter filed a pro se post-conviction petition in the Peoria County Circuit Court in which he raised essentially four claims of error: (1) he received ineffective assistance of counsel when counsel admitted Carter's guilt and objected to testimony favorable to the defense; (2) the State's medical witness misrepresented evidence to the jury; (3) Carter was misled about his right to receive an instruction for the lesser included offense of involuntary manslaughter; and (4) he was denied his right to trial by a jury of his peers. The petition was dismissed that same day as frivolous and patently without merit. On appeal, Carter's appointed counsel was allowed to withdraw pursuant to Pennsylvania v. Finley, 481 U.S. 551 (1987), and the judgment of the Circuit Court was affirmed. Carter's Petition for Leave to Appeal raising the same four issues was subsequently denied.

Carter then filed the present Petition for Writ of Habeas Corpus pursuant to § 2254. In this Petition, he argues: (1) he received ineffective assistance of counsel when counsel admitted Carter's guilt; (2) the State's medical witness misrepresented evidence to the jury; (3) he was denied his right to trial by a jury of his peers; and (4) he was misled about his right to receive an instruction for the lesser included offense of involuntary manslaughter. This Order follows.

## LEGAL STANDARD

Before reaching the merits of a petition for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254, a district court must consider "whether the petitioner exhausted all available state remedies and whether the petitioner raised all his federal claims during the course of the state proceedings." Farrell v. Lane, 939 F.2d 409, 410 (7th Cir. 1991), *quoting* Henderson v. Thieret, 859 F.2d 492, 496 (7th Cir. 1988). If the answer to either of these questions is "no," then the failure to exhaust state remedies or procedural default bars the

petition. Id. In other words, if a petitioner fails to give the state courts a full and fair opportunity to review his claims, then his petition must fail. Bocian v. Godinez, 101 F.3d 465, 468-69 (7th Cir. 1996).

Exhaustion of a federal claim occurs when it has been presented to the highest state court for a ruling on the merits or when it could not be brought in state court because a remedy no longer exists when the federal petition is filed. Id. In the present case, Respondent does not argue that Petitioner has failed to exhaust his state remedies.

Procedural default occurs when a claim could have been but was not presented to the state court and cannot, at the time the federal petition is filed, be presented to the state court. Resnover v. Pearson, 965 F.2d 1453, 1458 (7th Cir. 1992). This occurs in one of two ways. First, a procedural default may occur when a petitioner fails to pursue each appeal required by state law, Jenkins v. Gramley, 8 F.3d 505, 507-08 (7th Cir. 1993), or when he did not assert the claim raised in the federal habeas petition in the state court system. Resnover, 965 F.2d at 1458-59. The second way in which a petitioner may procedurally default a claim is when a state court disposes of the case on an independent and adequate state law ground, regardless of whether that ground is substantive or procedural. Coleman v. Thompson, 501 U.S. 722, 111 S.Ct. 2546, 2553-55 (1991).

Federal review is barred for claims that are procedurally defaulted unless the petitioner can demonstrate cause and prejudice. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 1572-73 (1982); Farrell, 939 F.2d at 411. Review in federal court is also possible if a fundamental miscarriage of justice would otherwise occur in that a constitutional error probably resulted in the conviction of someone who is actually innocent. Schlup v. Delo, 513 U.S. 298, 115 S.Ct. 851, 864-67 (1995).

With respect to claims that are not barred either for failure to exhaust or procedural default, federal courts must employ a strict analysis. A petition must be denied with respect to any claim previously adjudicated on the merits in a state court unless the decision of the state court:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). *See also* Lindh v. Murphy, 96 F.3d 856, 868-71 (7th Cir. 1996), *rev'd on other grounds*, 521 U.S. 320, 117 S.Ct. 2059 (1997).

Subsection (d)(1) instructs that Supreme Court precedent governs legal questions. Id. at 869. In resolving mixed questions of law and fact, relief is unavailable unless "the state's decision reflects an unreasonable application of the law," meaning federal courts are to have a hands-off attitude unless the state court judgment is premised on an unreasonable error. Id. at 870 (internal quotation marks omitted). A responsible, thoughtful decision that is made after a full opportunity to litigate suffices, "even if it is wrong." Id. at 871, 876-77. Subsection (d)(2) pertains to a decision constituting an unreasonable determination of the facts, and, according to 28 U.S.C. § 2254(e)(1), factual issues are presumed to be correctly resolved. A petitioner must rebut this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

**DISCUSSION**

As set forth above, Carter presents four different claims for relief. Each of his claims was raised in his post-conviction petition. On appeal from the denial of his post-conviction petition, Carter's counsel moved to withdraw pursuant to Finley. Carter was advised on counsel's intention to withdraw and advised that he had a right to respond to the motion. After Carter failed to respond, the Illinois Appellate Court allowed counsel to withdraw and concluded that "the defendant's postconviction petition was properly dismissed and that there are no arguable errors to be considered on appeal. We further find that to continue with this appeal would not possibly result in success and would be wholly frivolous." This consideration by the Appellate Court constituted a decision on the merits. Wilkinson v. Cowan, 231 F.3d 347, 351-52 (7th Cir. 2001). Accordingly, the state court ruling must be shown to have been either "contrary to" or an unreasonable application of the clearly established law of the United States Supreme Court, or premised on an unreasonable determination of the facts in order to warrant habeas relief.

I.    Ineffective Assistance of Counsel

The seminal case on ineffective assistance of counsel is Strickland v. Washington, 466 U.S. 668 (1984). In Strickland, the Court stated that in order for a prisoner to demonstrate that counsel's performance fell below the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." Strickland, 466 U.S. at 687-88. The courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 690. A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that

but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. United States v. Delgado, 936 F.2d 303, 311 (7th Cir. 1991).

Carter does not argue that the Illinois Appellate Court did not apply the proper law to the facts of this case. In fact, he really doesn't or really make any substantive argument at all. His argument is best construed as suggesting that the state court's application of Strickland was unreasonable based on two statements by counsel during trial and a third alleged statement that is not supported by the transcript.

Carter complains of an alleged statement by counsel in closing arguments to the effect of "I wouldn't blame you if you found him guilty, but just do the right thing." However, this statement cannot be found in the transcript of the proceedings and there is no evidence in the record confirming that the statement was made. Accordingly, it was not unreasonable for the state courts to determine that no such statement was made, thereby resulting in no prejudice to Carter.

Carter also takes issue with statements by counsel to the jury that "There will not be much dispute about the fact that Mr. Williams became deceased as a result of being struck by pellets from the shotgun blasts" and "Only in criminal courtrooms in the United States of America can a person charged with a crime ask that a verdict be delivered by a jury of his peers and that would be you." Specifically, he argues that the first statement admitted his guilt and that the second statement was incorrect because he "didn't have one juror of his peers."

With respect to the first statement, there is nothing in this record that would promote the inference that this was not an exercise of reasonable trial strategy by defense counsel.

As a strategic matter, counsel may choose to admit certain elements of the offense and devote his time and attention to disputing other elements. See Tenner v. Gilmore, 184 F.3d 608, 616 (7th Cir. 1999) (finding that conceding guilt of a lesser charge to pursue a defense that would avoid exposure to the greater charge was reasonable trial strategy.) Here, counsel admitted the cause of death. Counsel did not concede that Carter acted with intent or otherwise had the requisite mental state for first degree murder. His strategy was clearly to suggest to the jury that while Carter had fired the gun, he lacked the necessary mental state to be convicted of first degree murder. In doing so, it was necessary to admit the factual premise that the victim's death was caused by the shotgun blasts. Furthermore, this fact was supported by overwhelming evidence at trial given Carter's testimony that he bought the gun because he was afraid of the victim and his guests, as well as that on the night of the incident, he fired the shotgun at the victim's truck and three more times in the victim's general direction. As such, Carter has failed to demonstrate either that his counsel's decision fell below an objective standard of reasonableness or that he was prejudiced by the strategic decision.

Carter makes no effort to explain how counsel's statement regarding the right to a jury of his peers was either erroneous or prejudicial. Rather, the statement appears to have been nothing more than a summarization of his fundamental rights under the Sixth Amendment. To the extent that he argues that he was denied a trial buy a jury of his peers, his argument will be addressed in Section III below. Accordingly, his complaint with respect to this statement likewise fails to support his claim that he received ineffective assistance.

Carter essentially asks this Court to accept his disagreement with the state court's decision and fails to either set forth relevant law from the Supreme Court of the United

States mandating a contrary result, demonstrate how the state court's decision was contrary to applicable law, or rebut the presumption of factual correctness by clear and convincing evidence. He has failed to demonstrate deficient performance by counsel or that but for any errors by counsel, the result of the proceeding would likely have been different. Accordingly, his ineffective assistance claim must fail.

II.     Evidence from Medical Witness

Carter maintains that the state's medical witness provided faulty descriptions from the medical exhibits. Specifically, he challenges the testimony regarding the height of the victim, her explanation of injuries that were not visible from his vantage point during the trial, and her failure to bring x-rays that she referenced during her testimony. Carter's claim reflects nothing more than disagreement with the substance or accuracy of the testimony of this witness. He had a full opportunity to cross-examine the witness and challenge her testimony at trial, and the jury viewed the relevant exhibits and assessed her credibility. As this claim does not allege the violation of any constitutional right or federal law, it is non-cognizable in this § 2254 proceeding.

To the extent that Carter's claim could somehow be construed as a challenge to the sufficiency of the evidence, under Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 2789 (1979), a federal court is empowered to grant habeas relief only "if it is found that upon the record evidence adduced at the trial no rational trier of fact could have found proof of guilt beyond a reasonable doubt." 99 S.Ct. at 2791-92. Congress expressly amended § 2254 to require only a deferential review for reasonableness with respect to mixed questions of law and fact, such as Jackson claims. Gomez v. Acevedo, 106 F.3d 192, 199 (7th Cir. 1997), *referring to* Thompson v. Keohane, ___ U.S. ___, 116 S.Ct. 457, 464 (1995).

In considering such a claim, a court must "examine the evidence in the light most favorable to the prosecution and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Id. at 4, *citing* People v. Collins, 106 Ill.2d 237, 478 N.E.2d 267 (Ill. 1985), *quoting* Jackson, 99 S.Ct. at 2789. Here, the record reveals that Dr. Violet Hnilica, a forensic pathologist, testified that the victim died as a result of shotgun wounds to his legs, back, face, and neck. She testified that on examination, she observed 77 wounds consistent with shotgun pellets and that contemporaneous photographs accurately portrayed the wounds that she observed. Examination also revealed that the wounds to his left leg had caused a "massive hemorrhage," which was also documented in a photograph introduced at trial.

Carter is essentially asking this Court to re-evaluate the credibility of the trial witnesses. This is something a district court conducting habeas corpus review pursuant to § 2254 cannot do when assessing a sufficiency of the evidence claim. Schlup, 115 S.Ct. at 868; United States v. Kellum, 42 F.3d 1087, 1091 (7th Cir. 1994). In conducting this review, a court "neither weighs the evidence nor assesses the credibility of witnesses, even when the evidence at trial is totally uncorroborated." United States v. Davis, 15 F.3d 1393, 1397-98 (7th Cir. 1994).

Upon review of the facts contained in the state court record, this Court cannot find that the state court's determination that the medical evidence was sufficient to find beyond a reasonable doubt that the victim died as a result of his shotgun wounds exceeded the bounds of reasonableness. Accordingly, the state court determination "must be respected-- not because it is right, or because federal courts must abandon their independent decisionmaking, but because the grave remedy of upsetting a judgment entered by another

judicial system after full litigation must be reserved for grave occasions." Gomez, 106 F.3d at 201. Thus, Carter's petition for writ of habeas corpus must be denied with respect to this claim.

III.    Trial By Jury of Peers

Carter complains that there was no "juror of his peers" on the jury, which the Court construes as a challenge to the racial composition of his jury.[1] Under the Sixth Amendment to the United States Constitution, a defendant is entitled to "an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law." Humphrey v. United States, 896 F.2d 1066, 1068 (7th Cir. 1990). The selection of a petit jury "from a representative cross section of the community is an essential component" of this right. Id., *citing* Taylor v. Louisiana, 419 U.S. 522, 528, 95 S.Ct. 692 (1975). That being said, the United States Constitution does not require that a venire or jury mirror the general population, and a defendant is not entitled to a jury of any particular racial composition. United States v. Ashley, 54 F.3d 311, 313 (7th Cir. 1995); United States v. Tillman, 2003 WL 22598334, at **1-2 (7th Cir. Sept. 22, 2003).

In order to make a prima facie challenge, a defendant must show:

> (1) that the group alleged to be excluded is a "distinctive" group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systemic exclusion of the group in the jury-selection process.

---

[1] In his Petition, Carter makes a vague reference to selecting jurors that appeared to be the most impartial and attentive and that the juror options were not up to his standards. However, he makes no attempt to establish that any juror was either partial or inattentive or that the jury panel was otherwise somehow improper.

Id., citing Duren v. Missouri, 439 U.S. 357, 264, 99 S.Ct. 664 (1979); United States v. Alanis, 265 F.3d 576, 583 (7th Cir. 2001). If a defendant can make such a showing, the burden then shifts to the Government to demonstrate that it has "an overriding, significant interest in its policy." Id.

There can be no real dispute that African-Americans are a distinctive group in the community and cannot be excluded from the venire. That being said, Carter makes no attempt to establish that the representation of African-Americans in the venire from which his jury was selected was not fair and reasonable in relation to the number of such persons in the community. Carter's motion would also fail for failure to satisfy the third requirement under Duren, as he has done nothing other than make the bald assertion that he did not have a jury of his "peers." He has therefore failed to point to something inherent in the particular jury-selection process utilized or otherwise demonstrate any type of systematic exclusion from the jury selection process in this District. "The mere observation that a particular group is underrepresented on a particular panel does not support a constitutional challenge." Phillips, 239 F.3d at 842. Therefore, any claim based on ineffective assistance of counsel for failing to make such a challenge would be unavailing.

Again, Carter essentially does little more than ask this Court to accept his disagreement with the state court's decision and fails to either set forth relevant law from the Supreme Court of the United States mandating a contrary result, demonstrate how the state court's decision was contrary to applicable law, or rebut the presumption of factual correctness by clear and convincing evidence. Accordingly, his claim must fail.

IV.   Jury Instruction on Lesser Included Offense

Carter suggests that he was somehow entitled to have the jury instructed only on the lesser charge of involuntary manslaughter instead of the murder charge. This argument reflects a fundamental misunderstanding of the proceedings and the law that is contrary to the clear and lengthy explanation of his option to include the involuntary manslaughter instruction in addition to the murder instruction that he received at trial.

This claim was raised both on direct appeal and in his post-conviction proceedings. On appeal, Carter presented the claim as a denial of due process. He presents no Supreme Court precedent establishing that his due process rights are violated if he decides to waive his right to give a lesser included offense instruction without fully comprehending his decision.

Moreover, a review of the record reveals that despite his current protestations, Carter's decision to reject the involuntary manslaughter instruction was knowing and made against the advice of counsel. At trial, the circuit court found that the evidence warranted giving an instruction and advised Carter that it was his choice to give or not give the instruction. After some initial confusion, both the court and counsel provided detailed explanations of his options regarding the instruction, and following these explanations, Carter unequivocally stated that he did not want to include the instruction. Counsel then stated for the record that while it was Carter's right to make the decision, his decision was against counsel's advice.

On direct appeal, the state courts rejected Carter's assertion that his decision was not knowing or voluntary. People v. Carter, 208 Ill.2d 309, 802 N.E.2d 1185, 1191-94 (2004). The Illinois Supreme Court further held that where Carter requested that the circuit

court not give the instruction, he is precluded from raising the issue on appeal because he invited the alleged error. Id., at 1190. The Illinois Supreme Court concluded that the doctrine of invited error precluded him from requesting that a particular action be taken at trial and then arguing that the same action constituted error on appeal. Id., at 1190-91.

The Court cannot reach the merits of a state inmate's habeas corpus petition "if the decision of the state court rests on a state law ground that is independent of the federal question and adequate to support the judgment." Coleman v. Thompson, 501 U.S. 722, 730 (1991); Estelle v. McGuire, 502 U.S. 62 (1991); Bell v. Duckworth, 861 F.2d 169 (7th Cir. 1988). Here, in denying relief on Carter's claims, the record clearly reveals that the Illinois Supreme Court invoked an independent and adequate state ground precluding federal relief by invoking the invited error doctrine. As such, the state court found his claim to be barred based on his failure to satisfy a state procedural rule, and his claims are procedurally defaulted from review in this federal habeas corpus action absent a showing of cause and prejudice to excuse the default that Carter has made no legitimate effort to make here. Piscotti v. Washington, 143 F.3d 296, 300 (7th Cir. 1998); *see also,* Brooks v. Walls, 279 F.3d 518, 522 (7th Cir. 2002) (finding that were a state court invokes a procedural bar and also addresses the merits of a claim, federal courts reviewing the decision must respect both rulings.)

Carter has clearly failed to demonstrate that the state court decision was either contrary to or an unreasonable application of Supreme Court precedent. His self-serving version of the facts of the case likewise falls short of amounting to clear and convincing evidence rebutting the state court's factual determinations. Accordingly, the Court cannot find that the state courts' determinations resulted in a decision that was either contrary to,

or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Thus, Carter is not entitled to relief on this claim, as well.

## CONCLUSION

For the reasons set forth herein, Carter's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 [#9] is DENIED. This matter is now terminated.

ENTERED this 8th day of February, 2008.

                                          s/ Michael M. Mihm
                                          Michael M. Mihm
                                          United States District Judge